**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **GABRIELLE BARON,** **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **(Jury Trial Requested)** |
| **METRO NORTH COMMUTER RAILROAD COMPANY,** **Defendant.** | ) | **MAY 1, 2015** |

# COMPLAINT

## JURISDICTION AND VENUE

1. The plaintiff is a resident of Connecticut. The defendant is incorporated and has a principal place of business in a state or states other than Connecticut. Jurisdiction is conferred pursuant to 28 U.S.C. §1332 (a)(1) and is based upon diversity of citizenship. The amount in controversy exceeds $75,000.

2. Venue properly lies in this District pursuant to 28 U.S.C. §1391. Plaintiff resides in Connecticut and defendant conducts business throughout Connecticut. The acts and occurrences complained of herein occurred within the District of Connecticut.

## FIRST COUNT: BREACH OF DUTY OF A COMMON CARRIER

3. The defendant Metro-North Commuter Railroad Company is a New York corporation doing business in the State of Connecticut, with a place of business in New Haven, Connecticut.

4. On May 17, 2013, the defendant Metro-North Commuter Railroad Company, and for sometime prior thereto, was in possession and control of the railroad track, M8 railcars, related signals, and track circuitry located in Bridgeport, Connecticut.

5. On May 17, 2013, plaintiff **GABRIELLE BARON** was a passenger aboard a Metro-North train, with an intended destination of New Haven, Connecticut.

6. The passenger train on which the plaintiff was riding on May 17, 2013, while traveling on tracks possessed, controlled, and maintained by Metro-North Commuter Railroad Company, derailed and collided with a second train operated by Metro-North Commuter Railroad Company, causing severe damage to both trains.

7. This derailment and collision caused resulted in serious injuries, losses, and damages to plaintiff **GABRIELLE BARON.**

8. The plaintiff's injuries were caused by the misconduct of defendant Metro-North Commuter Railroad, operating through its agents, servants, and/or employees as a consequence of its failure to exercise the highest degree of care required of a common carrier.

9. As a direct and proximate cause of the defendant's duty as aforesaid, the plaintiff sustained a chest wall contusion, accelerated primary hypertension, and disk space narrowing at the L5-S1 and L1-L2 the injuries or the effects thereof the plaintiff sustained considerable pain and suffering, some or all of which may be permanent in nature.

10. As a result of the aforesaid injuries, the plaintiff has been caused to incur expenses for medical care and treatment, to her economic detriment, and will sustain in the future a reduction of her ability to carry on and enjoy life's activities.

**SECOND COUNT: NEGLIGENCE**

11. The plaintiff hereby incorporates by reference as if more fully set forth herein the allegations of paragraphs 1-10 as set forth above.

12. Upon information and belief subject to further discovery, the plaintiff's injuries, losses, and damages as aforesaid were the direct and proximate result of the negligence of the defendant Metro-North Commuter Railroad, its agents, servants, and/or employees, that they:

    A. breached its duties under federal law by allowing the passenger train to pass over defective rails in violation of 49 C.F.R. §213.113

    B. breached its duties under federal law by permitting a rail end mismatch in violation of 49 C.F.R. §213.115

    C. breached its duties under federal law by failing to ensure that the subject and rail joints were structurally sound in violation of 49 C.F.R. §213.121

    D. breached its duties under federal law by failing to identify track deviations upon inspection and/or failed to immediately initiate appropriate remedial action in violation of 49 C.F.R. §213.233

    E. breached its duties as a reasonable common carrier by operating the train at higher than normal speed

F. breached its duties as a reasonable common carrier by otherwise failing to act as a reasonable and prudent common carrier would have under the circumstances then and there existing.

**THIRD COUNT: RECKLESSNESS**

13. The plaintiff hereby incorporates by reference as if more fully set forth herein the allegations of paragraphs 1-10 as set forth above.

14. Upon information and belief subject to further discovery, the plaintiff's injuries, losses, and damages as aforesaid were the direct and proximate result of the recklessness of the defendant Metro-North Commuter Railroad, its agents, servants, and/or employees, that they:

A. breached its duties under federal law by allowing the passenger train to pass over defective rails in violation of 49 C.F.R. §213.113

B. breached its duties under federal law by permitting a rail end mismatch in violation of 49 C.F.R. §213.115

C. breached its duties under federal law by failing to ensure that the subject and rail joints were structurally sound in violation of 49 C.F.R. §213.121

D. breached its duties under federal law by failing to identify track deviations upon inspection and/or failed to immediately initiate appropriate remedial action in violation of 49 C.F.R. §213.233

E. breached its duties as a reasonable common carrier by operating the train at higher than normal speed

F. breached its duties as a reasonable common carrier by otherwise failing to act as a reasonable and prudent common carrier would have under the circumstances then and there existing.

**DEMAND FOR JURY TRIAL**

15. Plaintiff demand trial by jury on all issues alleged herein.

Dated at Bridgeport, Connecticut this 1st day of May 2015.

**THE PLAINTIFFS**

By______________________________
J. Craig Smith
Federal Bar No. ct 422294
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, Connecticut 06604
TEL: 203-336-4421
FAX: 203-368-3244
Email: csmith@koskoff.com

PLEASE ENTER AN APPEARANCE
**FOR THE PLAINTIFF:**

**KOSKOFF KOSKOFF & BIEDER, P.C.**
**350 Fairfield Avenue**
**Bridgeport, CT 06604**
**Tel: 203-336-4421**
**Juris No. 32250**